UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI,
SOUTHERN DISTRICT

PHOEBE ENLOW,                              )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )    Case number  6:11-cv-03038-GAF
                                           )
SANDOZ, INC., ALZA CORPORATION,            )
and DOES 1 through 6, Inclusive,           )
                                           )
        Defendants.                        )
                                           )
                                           )

---

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff Phoebe Enlow ("Plaintiff") and/or any other party may seek the production of documents and information from defendants ALZA Corporation and Sandoz Inc. (collectively "Defendants");

**WHEREAS**, such documents contain competitive sales, marketing, or product information including, but not limited to: (1) descriptions, identifications, changes, and modifications of any sort made to equipment used in the manufacturing process; (2) operations involved in the entire manufacturing process; (3) manufacturing practices and procedures and specific records illustrating same; (4) formulations and specifications relating to the product at issue; (5) practices, procedures and protocols relating to quality control and quality assurance; (6) other scientific marketing and/or research and development information; and/or (7) corporate financial and/or Duragesic® specific and/or the Sandoz Fentanyl Transdermal System specific information, which Defendants deem confidential.

**WHEREAS**, Defendants deem that knowledge of any of the foregoing categories of information to the public and specifically to any competitor would cause a severe competitive injury to Defendants in that many years have been invested in researching, developing, manufacturing, and marketing the product at issue, and Defendants currently rely on such expertise;

**WHEREAS**, it has been agreed by and among the parties in the above-styled action, through their counsel, that such documents include trade secrets that are protected under applicable state and federal law;

**WHEREAS**, it has been agreed by and among the parties in the above-styled action, through their counsel, that a Protective Order preserving the confidentiality of certain documents and information should be entered by the Court; and

**WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order submitted and stipulated to by the parties, and has found that the confidentiality provisions of this Protective Order are proper.

**IT IS HEREBY ORDERED THAT:**

1.      **Non-Disclosure of Documents**.  No document or any portion of any document produced by Defendants (hereinafter referred to as "Document" or "Documents") may be disclosed to any person, except as permitted in paragraphs 2 and 3 below.

Documents produced by Defendants shall be stamped "Protected Document.  Document Subject to Protective Order" (hereinafter "Protected Documents") to signify that the Documents are subject to protection by this Order.  Interrogatory answers, responses to Requests for Admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, summaries,

Lalmanage/012165/004183/718398

notes, computer-generated material, computer discs or retrievable data, other means of storage or duplication, and oral statements or communications that quote, summarize, or contain information from the Documents are also subject to protection by this Order. No Protected Document or any portion of any Protected Document produced by Defendants may be disclosed to any person, except as permitted in paragraphs 2 and 3 below.

2.      Protected Documents and/or any portion thereof deemed confidential may be disclosed to (a) counsel of record who are actively engaged in the conduct of this litigation; (b) the partners, associates, secretaries, paralegals, and employees of such counsel to the extent reasonably necessary to render professional services in the above-styled action; and (c) any party to this litigation.

3.      In addition, Protected Documents and/or any portion thereof deemed confidential may be disclosed to (a) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and (b) to outside consultants or experts retained by any party or their counsel for the purpose of assisting counsel in the litigation or to testify at trial. Before any Document may be disclosed to any person described in (a) and/or (b) of this paragraph, however, the person so described must sign the attached Confidentiality Agreement. The Confidentiality Agreement reflects that the signatory has read this Protective Order, understands that disclosure of Protected Documents constitutes contempt of court, and consents to the exercise of personal jurisdiction by this Court. The original of each signed Confidentiality Agreement shall be retained by counsel and a copy thereof served upon Defendants' counsel, except that a copy of the Confidentiality Agreement signed by a person described in subsection (b) need not be served upon Defendants' counsel until such person is disclosed as a witness.

LaImanage/012165/004183/718398

4.      Protected Documents subject to this Protective Order shall not be disclosed to any Competitor of Defendants.  For purposes of this Order, "Competitor" shall be defined as any entity or person engaged in the discovery and/or development and/or commercialization of transdermal or patch technology designed to deliver pharmaceuticals through the skin, and shall include any agent, employee, consultant, or other person similarly affiliated with such entity or person.  Before disclosing any Document to any person listed in paragraph 3(a) or 3(b) who may also be a competitor of Defendants, the procedures in this paragraph shall be followed to assure that no confidential information is disclosed to any Competitor.

Entry of this Protective Order by the Court imposes a duty upon the person to whom any Protected Documents are to be disclosed to make a good faith determination as to whether he or she is a Competitor.

a.      If the person determines himself or herself to be a Competitor, neither the Protected Documents nor the contents thereof shall be discussed with or disclosed to such person.

b.      If the person determines himself or herself not to be a Competitor, that person and counsel who intends to disclose Protected Documents to that person shall execute Affidavit A and Affidavit B respectively in addition to the Confidentiality Agreement attached hereto. Except as otherwise provided in paragraph 3, the original Affidavits and Confidentiality Agreement shall be retained by counsel and a copy thereof served upon Defendants' counsel seven (7) business days prior to the disclosure of any Protected Documents and/or the contents thereof.

c.      If the person is unable to determine whether he or she is a Competitor, counsel for the disclosing party shall prepare a written statement identifying the potential Competitor,

LaImanage/012165/004183/718398

including the name and current residence of the potential Competitor, his or her job title and employer's name and address for the previous five (5) years. The original of such statement shall be retained by counsel and a copy thereof served upon Defendants' counsel. Defendants' counsel shall have seven (7) business days to object to disclosure of Protected Documents to the potential Competitor. If no objection is made, the Affidavits and Confidentiality Agreement shall be executed and served as described in subsection (b).

If there is an uncertainty or a dispute as to whether the person is a Competitor, any party may seek a ruling from this Court regarding the same. Pending a ruling by the Court on that dispute, no Protected Documents shall be disclosed to the potential Competitor.

5.      Certain documents prepared in compliance with the regulations of the United States Food and Drug Administration contain material that is privileged and confidential under the patient-physician privilege or specific federal regulations governing clinical trials and adverse drug experience reporting. To protect these privileges, all such documents produced by Defendants in response to a discovery request shall have the name and address of the patient and physician redacted as well as all identifying information regarding the reporter, but such redaction shall not be done in such a manner as to redact material data contained in such reports.

6.      **Documents at Depositions**.

a.      A deponent who is not a current employee of Defendants may, during the deposition, be shown and examined about the Protected Documents as long as disclosure comports with the provisions of paragraphs 3 and 4. A deponent shall not retain or copy portions of the transcript of his or her deposition containing confidential information not provided by the deponent or the entities whom he or she represents unless he or she signs the Confidentiality Agreement as well as the applicable Affidavits described in paragraphs 3 and 4.

STIPULATED PROTECTIVE ORDER

Lalmanage/012165/004183/718398

Case 6:11-cv-03038-GAF   Document 17   Filed 06/20/11   Page 5 of 16

b.     Any party and any deponent may, within thirty (30) days after receiving a deposition transcript, designate the transcript as protected pursuant to this Protective Order by written notice to all counsel of the designation and by having the cover page of the transcript marked as follows: "Protected Document.  Document Subject to Protective Order."  During the initial thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order, but if no party or deponent timely designates the transcript as protected, then the transcript shall not thereafter be subject to this Protective Order. (Deposition exhibits that are protected documents pursuant to this Protective Order will continue to be protected without further designation being required.  The continued protection of such documents will not be dependent upon the transcript being designated as protected.)  If there is uncertainty or any dispute as to whether a transcript has been properly designated as protected, any party may seek a ruling from this Court.  Pending a ruling by the Court, the entire deposition will be treated as subject to protection against disclosure under this Protective Order.  Deposition transcripts designated as protected may be filed with the Court only under seal, consistent with the provisions of Paragraph 7.

7.     **Filing.**  The Protected Documents are not to be filed with this Court except when required in connection with motions or other matters pending before this Court.  If any party intends to file Protected Documents, such Protected Documents shall be filed under seal with a notation regarding the application of this Protective Order.  Any motion referring to or quoting such Protected Documents or information shall also be filed under seal with a notation regarding the application of this Protective Order.

8.     **Documents used at Trial**.  The Protected Documents and other confidential information may be offered in evidence at trial or at any court hearing, provided that the

LaImanage/012165/004183/718398

proponent of the evidence gives ten (10) days advance notice to counsel for Defendants. Defendants may move this Court for an order that the evidence be received in camera, under seal, or under some other conditions so as to prevent unnecessary disclosure consistent with applicable law. The Court will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such Document or information at the trial or court hearing.

9. **Declassification**. Any party may request from this Court a ruling that a Document is not entitled to continued protection under this Protective Order.

10. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of the Protected Documents which a party has obtained under the terms of this Protective Order, the party shall promptly notify Defendants' counsel of such subpoena or order. No documents will be produced by the party until Defendants' counsel has been notified of such subpoena or order and has had a reasonable opportunity to protect Defendants' interest by objecting to the subpoena or order.

11. **Client Consultation**. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to, or consulting with, their clients. All parties and their counsel, however, are bound by the terms of this Protective Order.

12. **Use**. Protected Documents and any information contained therein shall be used only for preparation and trial of the above-styled action, including appeals and retrials, and shall not be used for any other purpose.

13. **Non-Termination**. Within thirty (30) days after final conclusion of all aspects of this litigation, the Protected Documents and all copies thereof (other than exhibits of record) shall be returned to counsel for Defendants, or at Defendants' option, destroyed. Notes,

7

STIPULATED PROTECTIVE ORDER

summaries, memos, computer databases, and other information compilations from the Protected Documents shall be destroyed. All parties and their counsel shall certify compliance herewith and shall deliver the same to counsel for Defendants not more than forty-five (45) days after final termination of this litigation.

14. **Inadvertent Disclosure**. Any inadvertent disclosure of confidential, proprietary, or privileged material will not be construed as a waiver, in whole or in part, of (1) the Producing Party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or more generally as to the subject matter of the information disclosed, or (2) the Producing Party's right to designate the material as confidential pursuant to this Order. A written representation by counsel for the Producing Party that the disclosure was inadvertent shall be deemed prima facie evidence of that fact. The Producing Party shall promptly notify the other party of an inadvertent disclosure following discovery of the inadvertent production, and that other party (i) shall in the case of a privileged document, return the inadvertently disclosed document forthwith, as well as any and all copies; or (ii) in the case of a confidential, proprietary document, shall mark it and all copies, "PROTECTED DOCUMENT – SUBJECT TO PROTECTIVE ORDER." In the event that the other party cannot comply with these requirements – because, for example, the inadvertently produced document has been given to a third party – the other party shall provide the Producing Party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the document.

15. The provisions of this Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any

LaImanage/012165/004183/718398

any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

Date: 6/17/11

LAW OFFICES OF PALMER OLIVER, P.C.

By: _____
Robert M.N. Palmer
Attorneys for Plaintiff PHOEBE
ENLOW

Date: 6-15-11

WATTS GUERRA & CRAFT LLP

By: _____
Tony Pletcher
Attorneys for Plaintiff PHOEBE
ENLOW

Date: 6/20/11

BAKER, STERCHI, COWDEN & RICE, LLC

By: _____
Bryan E. Mouber
Attorneys for Defendants ALZA
CORPORATION and SANDOZ INC.

Lnlmanage/012165/004183/718398

Date: 6/20/11

TUCKER ELLIS & WEST LLP

By: _____
Mollie Benedict
Su-Lyn Combs
Attorneys for Defendants ALZA
CORPORATION and SANDOZ INC.

## ORDER

**IT IS SO ORDERED**.

_____        _____

DATE                                    JUDGE OF THE DISTRICT COURT

STIPULATED PROTECTIVE ORDER

Lalmanage/042165/004183/1183398

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI,
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHOEBE ENLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case number 6:11-cv-03038-GAF |
| v. | ) | |
| | ) | |
| SANDOZ, INC., ALZA CORPORATION, | ) | |
| and DOES 1 through 6, Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## CONFIDENTIALITY AGREEMENT

The undersigned, having read and understood the Stipulated Protective Order governing the restricted use of Documents of Defendants and any information derived therefrom, hereby agrees to be bound by the terms thereof; understands that any disclosure of the Documents or any information derived therefrom constitutes contempt of court; and agrees to submit to the personal jurisdiction of this Court to enforce the Protective Order against the undersigned.

Date: _____  By: _____

Name: _____

Title: _____

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI,
SOUTHERN DIVISION

PHOEBE ENLOW,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )     Case number  6:11-cv-03038-GAF
                                       )
SANDOZ, INC., ALZA CORPORATION,        )
and DOES 1 through 6, Inclusive,       )
                                       )
          Defendants.                  )
                                       )
                                       )

---

## AFFIDAVIT OF CONSULTANT/ EXPERT WITNESS

I, _____, declare and state the following:

1.      I am over eighteen (18) years of age and am in all respects competent to execute this Affidavit.  The facts stated hereunder are true, known to me of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

2.      I have been requested to review alleged confidential/proprietary documents regarding a lawsuit currently pending against ALZA Corporation and Sandoz Inc. (collectively "Defendants") and/or certain other persons, firms, corporations or entities, involving the product known as Duragesic® and/or Sandoz Fentanyl Transdermal System.

3.      Pursuant to Paragraph 4 of the Stipulated Protective Order entered in the case entitled *Phoebe Enlow v. Sandoz Inc., et al.*, I do not believe I am presently engaged as a Competitor (as defined in paragraph 4 of the Stipulated Protective Order) of and/or an agent,

---

AFFIDAVIT A

employee, consultant or person otherwise actively affiliated with a Competitor of any of the Defendants.

I declare under penalty of perjury under the laws of the State of Missouri that the foregoing is true and correct and that this Affidavit was executed on the _____ day of _____, at _____.

AFFIDAVIT A

Lalmanage/012165/004183/718398

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI,
SOUTHERN DIVISION

PHOEBE ENLOW,                            )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )   Case number  6:11-cv-03038-GAF
                                         )
SANDOZ, INC., ALZA CORPORATION,          )
and DOES 1 through 6, Inclusive,         )
                                         )
    Defendants.                          )
                                         )
                                         )

---

**AFFIDAVIT OF COUNSEL**

I, _____, declare and state the following:

1.    I am over eighteen (18) years of age and am in all respects competent to execute this Affidavit.  The facts stated hereunder are true, known to me of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

2.    I am counsel of record for _____ in a lawsuit currently pending against ALZA Corporation and Sandoz Inc. (collectively "Defendants") and/or certain other persons, firms, corporations or entities, involving the product known as Duragesic® and/or Sandoz Fentanyl Transdermal System.

3.    Pursuant to Paragraph 4 of the Stipulated Protective Order entered in the case entitled *Phoebe Enlow v. Sandoz Inc., et al.*, after reasonable inquiry and consultation with _____, it is my opinion that he/she is not presently engaged as a Competitor. (as

---

AFFIDAVIT B

defined in paragraph 4 of the Stipulated Protective Order) of and/or an agent, employee, consultant or person otherwise actively affiliated with a Competitor of any of the Defendants.

I declare under penalty of perjury under the laws of the State of Missouri that the foregoing is true and correct and that this Affidavit was executed on the _____ day of _____, at _____.

_____
(Signature)

AFFIDAVIT B

Lalmanage/012165/004183/718398

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June 2011, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert M.N. Palmer
THE LAW OFFICES OF PALMEROLIVER, P.C.
205 Park Central East, Suite 511
Springfield, MO 65806
Telephone: (417)865-3234
Facsimile: (417)865-1698

Anthony E. Pletcher
Mikal C. Watts
WATTS GUERRA CRAFT, LLP
500 North Water St., Suite 1200
Corpus Christi, Texas 78471
361-887-0500
361-887-0055 facsimile
**ATTORNEYS FOR PLAINTIFF**

/s/ Thomas N. Sterchi

6